IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMES O. OMOTOSHO,** | : | **MOTION TO VACATE** |
| BOP Reg. # 59714-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:08-CR-40-ODE-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:11-CV-4504-ODE-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Movant, James O. Omotosho, confined in the Adams County Correctional Institution in Washington, Mississippi, submitted a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:08-cr-40-ODE-AJB-1. [Doc. 152.][1] Respondent filed a response in opposition. [Doc. 163.] Movant then filed a reply, [Doc. 168], and two motions to expedite evidentiary hearing, [Docs. 172, 173]. For the reasons discussed below, Movant's motions to expedite evidentiary hearing are **DENIED AS MOOT**, and the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

---

[1]     Citations to the record in this Order and Final Report and Recommendation refer to case number 1:08-cr-40-ODE-AJB-1.

AO 72A
(Rev.8/82)

## I.   Background

In a superseding indictment returned on May 6, 2008, Movant was charged with the following offenses:   (1) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (count one); (2) bank fraud, in violation of 18 U.S.C. §§ 2 & 1344 (counts three, five, twenty-five, and twenty-six); (3) credit card fraud, in violation of 18 U.S.C. §§ 2 & 1029 (counts seven, nine, eleven through sixteen, eighteen, twenty, twenty-two, and twenty-three); and (4) aggravated identity theft, in violation of 18 U.S.C. §§ 2 & 1028A(a)(1) (counts two, four, six, eight, ten, seventeen, nineteen, twenty-one, and twenty-four).   [Doc. 26.]

On April 22, 2009, a jury found Movant guilty on all counts except count fourteen.  [Doc. 92.]  At sentencing on October 14, 2009, the Court determined that Movant's United States Sentencing Guidelines range was 81 to 95 months imprisonment. [Doc. 131 at 14.] However, the Court sentenced Movant to 120 months imprisonment, followed by five years supervised release.  [Doc. 106 at 2, 3.]

Movant timely appealed his sentence, and the Eleventh Circuit affirmed on August 26, 2010.  *See United States v. Omotosho*, No. 09-15430 (11th Cir. Aug. 26, 2010) (per curiam). [Doc. 140.] The United States Supreme Court denied certiorari on January 10, 2011.  *See Omotosho v. United States*, 131 S. Ct. 966 (2011).   Movant executed his § 2255 motion on December 19, 2011.  [Doc. 152 at 7.]  Respondent does

2

not dispute that the § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f).

## II.  28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary

3

AO 72A
(Rev.8/82)

hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

As the undersigned will explain below, an evidentiary hearing is not needed because the § 2255 motion and record in this case conclusively show that Movant is entitled to no relief. Accordingly, Movant's two motions to expedite evidentiary hearing, [Docs. 172, 173], are **DENIED AS MOOT**.

## III. Discussion

Movant asserts that trial counsel provided ineffective assistance during the pretrial, trial, and sentencing phases of Movant's criminal case (grounds one, two, and three). [Doc. 152 at 5.] In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he

4

defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Grounds One and Two

Movant claims that trial counsel provided ineffective assistance by failing to investigate and present evidence that Movant's brother, Steven Omotosho, and Movant's relative, Ademola Adeshokan, were solely responsible for some of the offenses for which Movant was convicted and sentenced. [Doc. 152-1 at 97-106.] Movant states that he (1) used credit cards provided by his relative in automated teller machines and stores, and (2) deposited some checks into certain accounts at his brother's request. [*Id.* at 39, 53, 59, 63, 73.] Movant admits that he knew he was engaging in illegal activity, but he contends that he did not know the full extent of the fraudulent conduct and declined his relative's offer to participate in a greater role. [*Id.* at 64-66.] Movant states that he is guilty of only "a few of the credit card fraud counts" and one bank fraud count. [*Id.* at 13, 70, 73.]

Movant argues that trial counsel could have countered the following evidence upon which the Government relied: (1) Movant's handwriting on fraudulent financial

5

documents; (2) surveillance video showing Movant making fraudulent deposits, withdrawals, and purchases; (3) testimony by Movant's former girlfriend, who identified Movant in the surveillance video; (4) documents in Movant's storage unit, linking him to fraudulent activity; (5) Movant's latent fingerprint on a fraudulent check; and (6) the use of Movant's business address for fraudulent activity. [*See* Doc. 163 at 11-39.] Although Movant chose not to testify at trial, he contends that trial counsel could have presented the following evidence: (1) Movant and his brother have similar handwriting and similar physical appearances; and (2) Movant's relative also had access to Movant's business address and storage unit. [Doc. 152-1 at 17-19; Doc. 168 at 32.] Movant points out that his brother and relative were charged with financial fraud in Florida and Illinois, respectively. [Doc. 152-1 at 13; Doc. 152-2 at 2.]

Respondent does not address whether trial counsel performed deficiently in deciding not to investigate and present evidence regarding Movant's brother and relative. Instead, Respondent argues that Movant has not demonstrated prejudice. [Doc. 163 at 11-39.] The undersigned agrees that Movant has not met his burden to show a reasonable probability of a different outcome. Because the record evidence, as detailed by Respondent, sufficiently links Movant to the offenses for which he was convicted and sentenced, the evidence affirmatively contradicts Movant's allegations. [*See id.*]

6

Significantly, Movant was charged in all counts with either (1) conspiring to commit bank fraud, or (2) aiding and abetting bank fraud, credit card fraud, and aggravated identity theft. *See* 18 U.S.C. §§ 2(a) & 1349. [Doc. 26.] The jury was thus aware that Movant did not act alone, and could find him guilty as an accomplice, with the resulting convictions being the same as if he was the sole principal. *See Salinas v. United States*, 522 U.S. 52, 64 (1997) ("A person . . . may be liable for conspiracy even though he was incapable of committing the substantive offense."); *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1176 (11th Cir. 2006) ("The government was not required to prove that [defendant] participated in each element of the substantive offense in order to hold him liable as an aider and abettor.").

Movant fails to explain why the jury might have credited his allegations that his brother and relative were solely responsible for some of the offenses charged in this case. Because Movant did not testify, it is unclear how trial counsel would have introduced evidence regarding Movant's brother and relative. If Movant had testified, Respondent correctly notes that Movant's credibility would have been compromised by (1) his admission that he committed some of the offenses charged, and (2) evidence that he lied about his citizenship to a pretrial services officer and also fraudulently obtained a U.S. passport. [Doc. 163 at 15.] Thus, Movant has not shown a reasonable probability that the jury would have acquitted him of the counts that he attributes to his

7

brother and relative alone.

The undersigned concludes that Movant did not receive ineffective assistance of counsel during the pretrial and trial phases of his case. Grounds one and two accordingly fail.

### B.     Ground Three

Movant claims that trial counsel provided ineffective assistance at sentencing by failing to challenge enhancements based on the amount of the loss and the number of victims. [Doc. 152-1 at 107-11.] Movant's argument regarding the amount of the loss derives from his argument that his brother and relative were solely responsible for some of the offenses for which Movant was convicted. [*See id.* at 82-88.] Because the undersigned has determined that trial counsel did not provide ineffective assistance at trial, Movant's claim that counsel should have challenged the sentencing enhancement based on the amount of the loss necessarily fails.

The victims of Movant's crimes consisted of seven financial institutions and thirteen individuals. [Doc. 163 at 46-49.] Movant received a two-level Sentencing Guidelines enhancement pursuant to U.S.S.G. § 2B1.1(b)(2) because his offenses involved at least ten but fewer than fifty victims. [*See id.* at 42.] Movant argues that the thirteen individuals cannot be counted because they did not suffer a financial loss. [Doc. 152-1 at 79-82.]

8

As Respondent points out, Movant's fraudulent conduct included the theft of credit card applications mailed to five of the thirteen individuals. [Doc. 163 at 48.] The intended recipients of stolen mail are counted as victims pursuant to U.S.S.G. § 2B1.1 cmt. n.4(C)(i) (2008), which was in effect at the time of Movant's sentencing on October 14, 2009. Adding the five individuals to the seven financial institutions yields a total of at least twelve victims. Movant's sentencing enhancement was therefore proper. It follows that trial counsel did not perform deficiently by deciding not to raise the issue of the number of victims. "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801, 803 (11th Cir. Aug. 17, 2011) (per curiam).

The undersigned concludes that Movant did not receive ineffective assistance of counsel at sentencing. Ground three accordingly fails.

### IV.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct a sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's two motions to expedite evidentiary hearing

[Docs. 172, 173], are **DENIED AS MOOT**.

**IT IS RECOMMENDED** that (1) the motion to vacate, set aside, or correct sentence, [Doc. 152], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:11-cv-4504-ODE-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  20th   day of November, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE