FILED IN CHAMBERS
U.S.......
FEB 09 2015
James N. Hatten, Clerk
By: /s/ AMCau Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES O. OMOTOSHO, | : | |
| | : | |
| Movant | : | CRIMINAL ACTION FILE NO. |
| | : | 1:08-CR-40-ODE-AJB-1 |
| v. | : | |
| | : | CIVIL ACTION FILE NO. |
| UNITED STATES OF AMERICA, | : | 1:11-CV-4504-ODE |
| | : | |
| Respondent | : | |

## ORDER

This criminal case is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence [Doc. 152]; the Final Report and Recommendation ("R&R") of United States Magistrate Judge Alan J. Baverman filed November 21, 2014 [Doc. 174]; and Movant's objections [Doc. 178].

The District Court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify, in whole or in part, the [R&R]." 28 U.S.C. § 636(b)(1). Portions of the R&R to which no objection is made are reviewed only for clear error. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

In the R&R, the Magistrate Judge recommended that Movant's § 2255 motion be denied and a certificate of appealability be denied [Doc. 174 at 11]. The Magistrate Judge concluded that Movant had not received ineffective assistance of counsel during the pretrial, trial, and sentencing phases of his criminal case [Id. at 4-9].

As to the pretrial and trial phases, the Magistrate Judge determined that Movant had not demonstrated prejudice based on trial counsel's decision not to investigate and present evidence that Movant's brother and relative were solely responsible for some of the offenses for which Movant was convicted and sentenced [Id. at 4-8]. The Magistrate Judge noted that (1) Movant was charged with conspiracy and aiding and abetting, and (2) the record evidence sufficiently linked Movant to the offenses for which he was convicted and sentenced [Id. at 6-7]. Movant does not raise a specific objection regarding the strength of the evidence [Doc. 178 at 3-10]. Therefore, the Court concludes that Movant fails to show a reasonable probability of a different outcome based on counsel's actions before and during trial.

As to the sentencing phase, the Magistrate Judge determined that trial counsel did not provide ineffective assistance by failing to challenge enhancements based on the amount of the loss and the number of victims [Doc. 174 at 8-9]. The Court agrees with the Magistrate Judge that Movant's argument regarding the amount of the loss is unavailing because it derives from his unsuccessful attempt to assign responsibility for certain offenses to his brother and relative. In objecting to the Magistrate Judge's discussion of the number of victims, Movant argues that the 2007 version of the United

AO 72A
(Rev.8/8
2)

States Sentencing Guidelines should have been used instead of the 2008 version [Doc. 178 at 14-16]. However, the relevant provision, U.S.S.G. § 2B1.1 cmt. n.4(C)(i), is the same in both versions. The Court concludes that the Magistrate Judge properly rejected Movant's claim of ineffective assistance of counsel at sentencing.

The Court having read and considered the R&R and Movant's objections thereto, the R&R [Doc. 174] is ADOPTED as the opinion and order of the Court. For the reasons set forth in the R&R, the motion to vacate, set aside, or correct sentence [Doc. 152] is DENIED, a certificate of appealability is DENIED, and civil action number 1:11-cv-4504-ODE is DISMISSED.

SO ORDERED, this _9_ day of February, 2015.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)